# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Appeal No.: 22-11302-A
LT Case No.: 3:20-cv-910-MMH-MCR

**STEVEN LUDWIG**,
    Appellant,

v.

**DB USA CORE CORPORATION,**
    Appellee.

_____

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

### APPELLANT'S INITIAL BRIEF
_____

*G. Ware Cornell, Jr.*
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Attorney for Appellant*
2645 Executive Park Drive
Weston, Fla. 33331
Ph: (954) 618-1041

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Rule 26. 1 of the Federal Rules of Appellate Procedures, Appellant files his Certificate of Interested Persons and Corporate Disclosure Statement.

The following people and corporate entities are interested persons:

1. STEVEN LUDWIG, Appellant

2. Cornell & Associates, P.A., Counsel for Appellant

3. G. Ware Cornell, Jr., Counsel for Appellant

4. DB USA CORE CORPORATION., Appellee

5. B. Tyler White, Counsel for Appellee

6. Todd Richard Dobry, Counsel for Appellee

7. Jackson Lewis P.C., Counsel for Appellee

8. Deutsche Bank A.G., related company, former Defendant

9. Deutsche Bank Securities Inc., related company, former Defendant

10. Honorable Marcia Morales Howard, United States District Judge

11. Honorable Monte C. Richardson, United States Magistrate Judge

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, STEVEN LUDWIG, requests oral argument to assist the Court in understanding why the district court erred in granting a final order of dismissal for a claim arising under the FWA.

# TABLE OF CONTENTS

                                                                   **PAGE**

CERTIFICATE OF INTERESTED PERSONS……………………………………2

STATEMENT REGARDING ORAL ARGUMENT……………………………...3

TABLE OF CONTENTS……………………………………………………….....4

TABLE OF CITATIONS……………………………………………………….....5

STATEMENT OF THE ISSUES ON APPEAL…………………………………...6

STATEMENT REGARDING JURISDICTION………………………………......6

STATEMENT OF THE CASE…………………………………………………….7

      i)      Course of Proceedings and Disposition Below…………….7

      ii)     Standard of Review……………………………………….10

SUMMARY OF ARGUMENT…………………………………………………...10

ARGUMENT……………………………………………………………………...11

      I. The Appellant adequately pleaded a claim for relief under the Florida Private Whistle Blower Act……………………………………………………...11

      II. The District Court improperly applied a heightened pleading standard in its Final Order dismissing the action with prejudice…………..13

      III. The District Court erred by refusing to allow Appellant any opportunity to commence and conduct discovery…………………………16

CONCLUSION…………………………………………………………………...17

CERTIFICATE OF COMPLIANCE……………………………………………...18

CERTIFICATE OF SERVICE……………………………………………………18

# TABLE OF CITATIONS

**CASES**                                                                                                                            **PAGE**

*Aery v. Wallace Lincoln-Mercury, LLC*
118 So. 3d 904 (Fla. 4th DCA 2013)………………………………………………10, 13

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)……………………………………………………………..15, 16

*Catron v. City of St. Petersburg*
658 F.3d 1260 (11th Cir. 2011)…………………………………………………...11

*First City, Texas-Houston, N.A. v. Rafidain Bank*
150 F.3d 172, (2d Cir. 1998)……………………………………………………...11

*Kearns v. Farmer Acquisition Co.*
157 So. 3d 458, (Fla. 2d DCA 2015)……………….....……………………….10, 13

*LE Publications, Inc. v. Kohl*
298 So. 3d 642, 645 (Fla. 4th DCA 2020)
review denied, SC20-1112, 2020 WL 6266168 (Fla. Oct. 23, 2020)……………..12

*McDonnell Douglas Corp. v. Green*
411 U.S. 792 (1973)………………………………………………………………14

*Odom v. Citicorp Global Markets*
62 F. Sump 3d 1330 (N.D. Fla 2014)………........................................................13

*Shaklee Corp. v. Gunnell*
748 F.2d 548 (10th Cir. 1984)……………………………………………………17

*Swierkiewicz v. Sorema N. A.*
534 U.S. 506 (2002)………………….......................................................14, 15, 16

*Tuberville v. Fin. Indus. Reg. Auth.*
874 F.3d 1268, (11th Cir. 2017)………………………..…………………………13

*Weahkee v. Norton*
621 F.2d 1080 (10th Cir. 1980)……………………….…………………………17

**STATUTES**

28 U.S.C. §1291………………………………………………………………7

§448.103(1)(a), Florida Statutes……………………………………………..18

Florida Private Whistleblowers Act §448.101-105, Florida Statutes (FWA)……………………………………………….3, 8, 11, 12, 13, 15, 16, 18

Florida Statutes section 448.102(3) …………………………………………16

# STATEMENT OF THE ISSUES ON APPEAL

## I

Did the Appellant adequately plead a claim for relief under the Florida Private Whistle Blower Act?

## II

Did the District Court improperly apply a heightened pleading standard in its Final Order dismissing the action with prejudice?

## III

Did the District Court err by refusing to allow Appellant any opportunity to conduct discovery?

# STATEMENT REGARDING JURISDICTION

This is an appeal arising from a decision of a United States District Court that is within the jurisdiction of the Eleventh Circuit Court of Appeals. Jurisdiction of this Court is conferred by 28 U.S.C. §1291, granting jurisdiction to the Court of Appeals over final decisions of the district courts. The Final Judgment in favor of Defendants is a final decision within the contemplation of this section.

# STATEMENT OF THE CASE

*Course of Proceedings and Disposition Below[1]*

STEVEN LUDWIG, formerly a Compliance Officer at DB USA CORE CORPORATION in Jacksonville, Florida, filed his Complaint against Deutsche Bank AG on June 6, 2020 {Doc. 1} in the Southern District of Florida.

Following his termination in May, 2018 {Doc. 45, ¶ 33} in retaliation for his objections to certain illegal practices in violation of the Florida Private Whistleblowers Act §448.101-105, Florida Statutes ("FWA").

While in the Southern District, the parties Jointly moved to substitute DB USA CORE CORPORATION as party Defendant {Doc. 6} which motion was granted by the District Court {Doc. 7} whereupon the Appellant filed his Amended Complaint in the Southern District {Doc. 8}.

Thereafter, the Defendant sought to transfer the action to the Middle District of Florida. While in the Southern District, the parties Jointly moved to substitute DB USA CORE CORPORATION as party Defendant {Doc. 6} which motion was granted by the District Court {Doc. 7} whereupon the Plaintiff filed his Amended

---

[1] Because all discovery was stayed and no discovery was conducted, the only facts are those set forth in the Complaint {Doc. 1}, the Amended Complaint {Doc. 8}, and the Second Amended Complaint {Doc. 45}.

Complaint in the Southern District {Doc. 8}. At this time, Appellee filed two motions - one to transfer venue to the Middle District {Doc. 9} and one to stay all proceedings {Doc. 10}.

After its motion to stay was denied on July 10, 2020 {Doc. 14}, Appellee submitted a Motion to Dismiss on July 24, 2020. {Doc 16}. The District Court granted an unopposed motion to respond to the motion to dismiss until August 14, 2020 {Doc. 19}. However, on August 12, 2020, the Court granted the motion to transfer and denied all pending motions as moot {Doc. 20}.

Once in the Middle District, on August 13, 2020, the Appellee filed a Motion to Dismiss (herein "the First Motion to Dismiss") which mirrored the motion filed before Judge Dimitrouleas. {Doc. 23}. This motion was opposed by Appellant {Doc. 24}. The District Judge granted Appellee's motion to file a reply {Doc. 28} and Appellant's motion to file a Sur-reply {Doc. 26} was denied {Doc. 38}.

The First Motion to Dismiss was referred to the Magistrate Judge {Doc. 37}.

On August 28, 2020, Appellee filed a motion to stay discovery {Doc. 32} which was opposed by Appellant {Doc. 33}. The Motion Staying Discovery was granted {Doc. 39} on January 19, 2021, the same day the Magistrate Judge issued his Report and Recommendation. {Doc. 40}

The Appellee filed exceptions to the Report and Recommendations {Doc. 41} limited to the sole issue of whether the Appellant was required to plead the violation

of an actual law, rule, or regulation as suggested in dicta by <u>Kearns v. Farmer Acquisition Co.</u>, 157 So. 3d 458, 465 (Fla. 2d DCA 2015) or if he could show he held a good-faith belief as held by <u>Aery</u>. Appellant filed a response. {Doc. 42}

On March 11, 2021, the District Court overruled Appellee's exceptions {Doc. 44} and ordered Appellant to file a Second Amended Complaint which, the Court assumed, might show claims based on actual violations of laws, rules, or regulations. {Doc. 44}

The Second Amended Complaint was filed March 25, 2021 which was substantially the same as the Amended Complaint {Doc. 8} except that it asserted certain other laws, rules, and regulations to which he objected, absent from the Amended Complaint.

The Appellee filed another Motion to Dismiss ("the Second Motion to Dismiss") {Doc. 48}. It mirrored the same arguments relating to causation set forth in the first motion to dismiss which had been denied by the Magistrate Judge and never objected to the District Judge. Appellant filed his response {Doc. 51}.

The District Judge then directed the parties to submit a discovery plan {Doc. 52} by May 18, 2021which they did {Doc. 53}. However, two days later the District Court then ordered the continuation of its stay of discovery pending its ruling on the Second Motion to Dismiss {Doc. 54}.

The ruling on the Second Motion to Dismiss came ten months later on March

22, 2022 {Doc. 56} and Judgment was entered March 24, 2022. {Doc. 57}

This appeal was timely filed April 20, 2022. {Doc. 59}

## Standard of Review

This court reviews de novo a District Court's dismissal of a complaint for failure to state a claim. Catron v. City of St. Petersburg, 658 F.3d 1260, 1264 (11th Cir. 2011).

The denial of discovery is reviewed for abuse of discretion, and to the extent that a discovery request was not properly considered, it is subject to de novo review. First City, Texas-Houston, N.A. v. Rafidain Bank, 150 F.3d 172, 175-76 (2d Cir. 1998).

## Summary of Argument

The Plaintiff properly set forth his claim for relief under the FWA. Plaintiff did in fact allege causation although he never limited his allegations to temporal proximity and was entitled to discovery on other evidence of retaliation. This discovery was denied by the District Court even though the Magistrate Judge held that the issues relating to causation were more suitable for resolution at the summary judgment stage rather than on the pleadings. {Doc 40, p. 17}. The Appellee never filed exceptions to that portion of the Report and Recommendation but the exceptions it did file were overruled by the District Judge. {Doc. 44}

A Second Amended Complaint containing additional citations to laws was met with another Motion to Dismiss which made the same argument concerning causation which had been rejected by the Magistrate Judge as premature.

The District Judge maintained her order denying any discovery and ten months later granted the Second Motion to Dismiss for Failure to State a Claim. In her Order, the Court analyzed the Second Amended Complaint with a heightened pleading standard and failed to take into account that the Appellant with discovery might well be able to show causation.

ARGUMENT

I

*The Appellant adequately pleaded a claim for relief under the Florida Private Whistle Blower Act*

For a Plaintiff to plead and prove a prima facie case under the FWA, "a plaintiff must show that: (1) he objected to or refused to participate in any illegal *31 activity, policy, or practice of the employer; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal." LE Publications, Inc. v. Kohl, 298 So. 3d 642, 645 (Fla. 4th DCA 2020), review denied, SC20-1112, 2020 WL 6266168 (Fla. Oct. 23, 2020)

In considering cases under the FWA, the real fights have boiled down to

whether it is sufficient that a whistleblower merely have a good faith belief that there was a violation of a law, rule, or regulation as held in Aery v. Wallace Lincoln-Mercury, LLC, 118 So. 3d 904 (Fla. 4th DCA 2013) or that the conduct must actually violate a specific law, rule, or regulation as expressed in Kearns v. Farmer Acquisition Co., 157 So. 3d 458, 465 (Fla. 2d DCA 2015).

These issues have yet to be resolved under Florida law as Judge Howard pointed out in overruling the exceptions of DB USA. {Doc 44, p. 5-6}

There is another issue almost as contentious and that issue arises in FWA claims involving the securities industry. Essentially, are FINRA regulations "laws, rules, and regulations, under the FWA? One district court holds that they are not because FINRA is private organization. See, Odom v Citicorp Global Markets, 62 F. Sump 3d 1330 (N.D. Fla 2014).

However, in Tuberville v. Fin. Indus. Reg. Auth., 874 F.3d 1268, 1270-71 (11th Cir. 2017), this Court intimates that for certain purposes these regulations may be laws, rules, or regulations if applied to claims under the FWA.

Rather than lead the District Judge into error, Ludwig explained to the District Court that in a Second Amended Complaint he would specify securities laws, passed by the Congress, in addition to the previously cited FINRA regulations. {Doc. 43, p. 2} In this way, Ludwig was claiming violations of actual laws, rules, and regulations rather than simply holding a mere good faith belief that FINRA rules qualified.

The District Judge acknowledged Ludwig's suggestion {Doc. 44, p. 5-6} and when he filed the Second Amended Complaint, he assumed that discovery would shortly commence.

However, the Appellee filed the Second Motion to Dismiss which reargued much of the same ground previously determined by the Magistrate Judge. The Appellant argued that this was a successive motion to dismiss {Doc. 51, p. 2-3} which are disfavored. Ludwig also argued that a motion to dismiss was not a substitute for a motion for summary judgment motion and he should be allowed to conduct discovery. {Doc. 51, p. 4-5}

## II

*The District Court improperly applied a heightened pleading standard in its Final Order dismissing the action with prejudice,*

In <u>Swierkiewicz v. Sorema N. A</u>., 534 U.S. 506 (2002) the Supreme Court was called to decide "whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth" in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). The Supreme Court unanimously refused to apply the prima facie case requirement to test the sufficiency of a pleading. In reaching this conclusion, the Supreme Court reasoned that the prima facie case requirement is an evidentiary standard and that evidentiary standards should not be applied to test the sufficiency of pleadings.

In her order, the District Court focused on aspects of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), an antitrust case, while overlooking the continued viability of <u>Swierkiewicz</u> as the Supreme Court itself explained:

> We reversed [<u>Swierkiewicz</u>] on the ground that the Court of Appeals had impermissibly applied what amounted to a heightened pleading requirement by insisting that Swierkiewicz allege "specific facts" beyond those necessary to state his claim and the grounds showing entitlement to relief. *Id*., at 508, 122 S.Ct. 992.
>
> Here, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.
>
> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)

In the District Court's order, we find that she applied a heightened standard of pleading. Examples of this abound, but most significantly, we find the following passage:

> Ludwig also argues that plausibility, not specificity, is the applicable pleading standard in FWA retaliation cases. See Response at 5. He is correct. However, even drawing all reasonable inferences in Ludwig's favor, his conclusory allegations that he "objected to" DBUSACC and "complained to his employer ... that its policies were in violation of numerous laws and regulations" merely amount to unadorned, formulaic recitations of the first element of an FWA retaliation claim, which are not entitled to a presumption of truth.18 See SAC ¶¶ 18, 21, 23, 25, 28, 42; see also SAC ¶¶ 30b-31b. And because he fails to support those conclusions with any factual allegations, he has failed to state a claim that is plausible. Nowhere does Ludwig provide any factual allegation about when he raised any objection, to whom he communicated the objection, or how he did so. Nor does he allege the substance or context of any objection. Indeed, while Ludwig states that he "objected" to various practices, he fails to allege that he communicated any particular objection to anyone at DBUSACC.19

15

> Ludwig's vague and conclusory allegations are entirely devoid of factual support and insufficient to state a plausible claim that Ludwig engaged in protected activity as required to state an FWA claim. See Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262. Therefore, Ludwig has failed to allege facts to plausibly satisfy the first element of a prima facie FWA retaliation claim and the SAC is due to be dismissed.
> {Doc. 55, p. 20-21}

In short, the District Court conflated and adopted a heightened pleading standard that is squarely at odds with <u>Swierkiewicz,</u> *id*. Rather than "drawing all reasonable inferences in favor of Appellant, the heightened standard employed allowed the District Judge to actually reject the truth of any allegations. To repeat, she opined that:

> Nowhere does Ludwig provide any factual allegation about when he raised any objection, to whom he communicated the objection, or how he did so. Nor does he allege the substance or context of any objection.
> {Doc. 55, p. 20}

In these words, the District Court overlooks a burden borne by the formerly employed. An individual separated from employment often has no access to the type of records which remain with the employer, whether these records be e-mails, memoranda, calendars, and/or business records.

In fact, the claim that the supposed lack of factual allegations did "nothing to apprise the Court or DBUSA of how Ludwig engaged in protected activity under Florida Statutes section 448.102(3) {Doc 55, p. 18}, overlooked the fact that a

former employer has ready access to its business records, which are normally searchable by electronic means, while a former employee often has no access at all.

Discovery under the Federal Rules of Civil Procedure is designed to provide a level playing field for the parties. As seen in the section below, Ludwig was penalized by the employer sought and Court ordered denial of all discovery.

### III

*The District Court erred by refusing to allow Appellant any opportunity to commence and conduct discovery.*

As the previous section asserts, the denial of any discovery significantly impacted and disadvantaged the Appellant. That denial was not ordered sua sponte. It was sought by DBUSA from its counsel's first appearance before the Southern District. {Doc. 10}

The District Judge's lament that the Appellee was never apprised of Ludwig's objections is made suspicious because it overlooks DBUSA's sheer determination that no discovery should ever be had. Appellee didn't need discovery. It knew precisely what objections Ludwig had leveled at it under the various FINRA rules and federal securities laws.

"Erroneous denial of discovery is ordinarily prejudicial in the absence of circumstances showing that it is harmless." Weahkee v. Norton, 621 F.2d 1080, 1083 (10th Cir. 1980); *see also* Shaklee Corp. v. Gunnell, 748 F.2d 548, 550 (10th Cir.

1984).

There can be little question that the party prejudiced was Ludwig and certainly not DBUSA.

## CONCLUSION

The passage of time means that this Court cannot remand for a dismissal without prejudice because Ludwig was fired in 2018 and the statute of limitations for a FWA claim is two years. § 448.103(1)(a), Florida Statutes. Therefore, this Court should return it to the District Court with instructions to permit full discovery to begin and then to set this case for jury trial.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,563 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface with Times New Roman 14-point font.

## CERTIFICATE OF SERVICE

I certify that on August 2, 2022, I served a copy of this brief via Federal Express Next Day to the Clerk of this Court and to counsel for the Appellee.

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Counsel for Appellant*
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 641-3441